SAMUEL WOODRUFF AND OTHERS *vs.* FRANCIS FELLOWES.

Where an agreement is made between counsel as to a case in court, which is not in writing and not made in the presence of the court, the court as a general rule will not, in case of a disagreement as to its terms, enquire into it and enforce it.

But where such an agreement was so made, and the counsel were both agreed as to the fact of its being made and as to its terms, and the only question was as to its construction and effect, it was held that the court could properly consider it.

SCIRE FACIAS, brought to the Superior Court in Hartford county, on a process of foreign attachment in which the defendant was factorized as the debtor of D. S. Stetson and others. The case was tried on the general issue closed to the

court before *Pardee, J.*, and judgment rendered for the plain-
tiffs, and the defendant filed a motion for a new trial and a
motion in error. The case is sufficiently stated in the opinion.

*F. Fellowes* and *C. E. Fellowes*, in support of the motions.

*T. C. Perkins* and *Hyde*, contra.

HINMAN, C. J. Most of the questions in this case are the
same as in the case between the same plaintiffs and Curtis
Bacon, and nothing further need be said in relation to them.
The two cases, being both writs of *scire facias* in favor of the
same plaintiffs, one against Bacon, and the other against this
defendant, were both commenced by process signed only by
a justice of the peace, and on that ground were both erased
from the docket on motion of the defendant's counsel, at the
same September term of the Superior Court in 1866. The
defendants in both actions had been made severally garni-
shees in the same original suit by the present plaintiffs against
D. S. Stetson and others, and the plaintiffs filed motions in
error in both the actions, which were allowed, and the ques-
tions thereon reserved for the advice of the Supreme Court
of Errors, at its then next ensuing term at Hartford. But
as the questions raised were the same in both cases, it was
arranged and agreed between the counsel, who were also the
same in both cases, that the motion in the suit against Bacon
only should be carried forward for trial, and that the suit
against Mr. Fellows should not be tried, but the decision in
the case against Bacon should apply to and govern that, and
the same judgment should be rendered in both cases. The
plaintiffs' counsel relying on this agreement, accordingly
omitted to carry forward the motion in the present case
against Mr. Fellows. And the Supreme Court of Errors
having reversed the order of the Superior Court dismissing
the case against Bacon and erasing it from the docket, and
the Superior Court at its September term in 1867 having re-
entered the same for trial, pursuant to the advice of the Su-
preme Court of Errors, the counsel for the plaintiffs moved
the court to restore this case also to the docket, pursuant to

Woodruff *v.* Fellowes.

the agreement made between the counsel when the cases were pending in the Supreme Court. The defendant however resisted the motion, and claimed that the agreement did not require the restoration of this case to the docket of the Superior Court, unless the Supreme Court should by an express order remand the case against Bacon to the Superior Court for trial on its merits. The difference between counsel in respect to this agreement, it appears, is not in respect to the terms of it. They all agree that the decision in the case against Bacon was to apply to and govern the other case, and the same judgment was to be rendered in both. The difference therefore is only in respect to the construction of the agreement. The defendant however contended that, as the agreement was by parol, and was not made in presence of the court, that is, in open court, and its terms communicated to the court, the court could not legally enforce it and had no jurisdiction to order the cause to be restored to its docket. And he now insists that, as the Supreme Court made no special order remanding the case against Bacon to the Superior Court, and as no steps had been taken by the plaintiffs' counsel for the entry of that case until the September term in 1867, it was not competent for the court, at that time, to restore the case to its docket. But the court overruled these claims of the defendant, and ordered the cause to be re-entered for trial on its docket; and the question now is, whether this ruling was correct.

We are of opinion that the Superior Court was right in re-entering the case on its docket for trial. The claim that the case against Bacon could only be restored to the docket of the Superior Court by an express order of the Supreme Court, remanding it to that court for trial, we have held to be incorrect in our decision of that case, and when the same judgment reversing the order erasing the cases from the docket of the Superior Court is entered up in both cases, which we do not understand Mr. Fellows to object to, since it is within the express words of his agreement, it must follow of course that if it was proper for the court to restore the case against Bacon to the docket, it was equally proper at

the same time to restore this one also. Had Mr. Fellows been right in supposing that the only mode in which the case against Bacon could be restored to the docket of the Superior Court was by an express order of this court for that purpose, then doubtless the same result would follow in this case. But when the erasure from the docket in this case is rendered illegal and void by its reversal, it leaves both cases to be re-entered for trial at any time and in any mode that it can legally be done ; and as we have held that it was legally done in the case against Bacon, so we now hold that the same course pursued in this case was also legal. It is true that, in a legal sense, the agreement was not so made before the court, and communicated to it, that the court could itself take notice of it and enforce it. But it was as binding upon the parties to it as if it had been. And it would be a reproach to the law if such an agreement, the terms of which are fully admitted, could not be enforced in the mode that this was, and that the plaintiffs should be compelled to resort to another suit or to a writ of error to set aside the order erasing the case from the docket. Had the parties differed in respect to the terms of the agreement, there would have been a difficulty in determining precisely what they were, and in that case the Superior Court might well have refused to go into the enquiry, or to act upon the agreement. And this difficulty would have been increased by the intervention of one or two terms of the court before the application for restoration was made. But the only difference being in respect to the construction of the agreement, and the Superior Court having given the same construction to it that we do, and the same that was claimed by the plaintiffs, it was clearly justified in re-entering the case on its docket and proceeding to try it. Indeed, we do not understand Mr. Fellows to repudiate his agreement, or refuse to be bound by it. He thought it his duty to insist upon his construction of it, and on that account resisted the plaintiffs' claim to have the cause restored to the docket. But we do not understand him to resist the restoration of the case, provided his agreement binds him in equity to suffer it to be done. We are clearly of opinion that he is

so bound, and that a court of equity would restrain him from taking exception to the mode adopted by the court of restoring the case to the docket. We are therefore of opinion there was no error in this respect in the ruling of the Superior Court.

The other questions involved in the case are the same as in the case between the same plaintiffs and Curtis Bacon defendant, and we therefore refer to the opinion in that case for our views of them.

We find no error in the judgment complained of.

In this opinion the other judges concurred.